IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WARREN CANNADA,                    )<br>                                                          )<br>        Plaintiff,                          )<br>                                                          )<br>v.                                                    )     Case No. 3:20-cv-952<br>                                                          )<br>ALAMO GROUP INC.,                 )<br>                                                          )<br>        Defendant.                       )<br>                                                          ) | |

## COMPLAINT

Plaintiff, Warren Cannada ("Mr. Cannada" or "Plaintiff"), by counsel, hereby alleges the following cause of action:

## INTRODUCTION

1. Plaintiff brings a cause of action under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq*., against Defendant, Alamo Group Inc., arising from the termination of Plaintiff's employment because of his age.

## PARTIES

2. Plaintiff is a natural person and a citizen of the Commonwealth of Virginia, residing in New Kent, Virginia. Plaintiff's date of birth is January 10, 1959.

3. Defendant, Alamo Group Inc. ("Alamo" or "Defendant"), is a Delaware corporation with its principal place of business located in Seguin, Texas. Alamo is a business entity authorized to do business in Virginia and has an office located in Henrico, Virginia.

4. Defendant is an employer as defined by 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

5. On June 16, 2020, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

6. On September 15, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff, which was received on or about September 18, 2020.

7. Plaintiff timely filed this action less than ninety (90) days after receipt of the Notice of Right to Sue.

8. This Court has subject matter jurisdiction pursuant to the ADEA.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the cause of action arises under the ADEA, a law of the United States.

10. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred in the County of Henrico, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

11. Plaintiff began working at Old Dominion Brush Company ("Old Dominion"), located at 5118 Glen Alden Drive, Henrico, VA 23231, on August 14, 1988.

12. Plaintiff worked at Old Dominion for approximately thirty-one (31) years until his termination on November 4, 2019.

13. Defendant purchased Old Dominion in August 2017.

14. At the time Defendant purchased Old Dominion, Plaintiff was employed as a Welding Supervisor.

15. At all relevant times, Plaintiff was qualified for his position

16. From the time Plaintiff began working at Old Dominion until the time Defendant purchased it, Plaintiff maintained a clean disciplinary record and was never written up for any performance issues or policy violations.

17. At all relevant times, Plaintiff satisfactorily performed his job duties and otherwise met the legitimate expectations of Defendant.

18. Shortly after Defendant purchased Old Dominion, in August 2019, Britt Calloway ("Calloway") was hired as the new Operations Manager for Old Dominion. At the time of hire, upon information and belief, Calloway was thirty-four (34) years old.

19. Calloway had no experience in, and knew nothing about, the business or operations of Old Dominion.

20. Once employed, Calloway either terminated or forced the resignations of several individuals over the age of forty (40). For example, Johnny Wilson, an individual in his mid-fifties who had been with the company for approximately thirty-four (34) years, was terminated on October 19, 2019.

21. Upon information and belief, Calloway fabricated a paper trail by documenting two minor issues involving Johnny Wilson as pretext for his termination.

22. Calloway followed similar practices in order to effectuate the termination of Plaintiff.

23. Once employed, Calloway created a pretextual paper trail for Plaintiff's termination by documenting alleged "issues," if they can be called such.

24. On September 24, 2019, Calloway issued a written warning to Plaintiff through a Disciplinary Action Notification. The written warning was allegedly in response to alleged minor

safety issues, some of which occurred over a year prior to the issuance of the written warning, and well before Calloway was hired at Old Dominion.

25. For example, one of the alleged "issues" was Plaintiff's safety glasses did not have "side shields." Another "issue" was Plaintiff did not report "fab and weld cranes" as inspected on September 23, 2019 in accordance with a new process that had been put in place that very same day.

26. On November 4, 2019, Plaintiff received another Disciplinary Action Notification from Calloway. Instead of a written warning or final written warning pursuant to company policy, this was a termination notification.

27. The termination notification was for events that allegedly took place several weeks prior. Plaintiff did not have an opportunity to respond to or address any of the incidents listed in the termination notification. Rather, Plaintiff was blindsided by these allegations and terminated on the very same day that he received the termination notification.

28. The alleged "incidents" justifying termination included not returning a "skills matrix"; not using "best practices" in addressing a "direct reports productivity"; not accompanying an injured employee for medical treatment on October 11, 2019; and checking references for an individual he had interviewed.

29. Regarding the "incident" with an injured employee on October 11, 2019, Kitty Carracedeo ("Carracedeo"), Defendant's Human Resources Manager, specifically told Plaintiff that he did nothing wrong and he did not violate company policy.

30. Furthermore, the termination notification indicated that Plaintiff had responded effectively to the "Required Corrections" listed in the written warning, stating, "9/30/19 –

Operations Manager met with employee to discuss progress. At this time, Warren was indeed spending more time on the Production floor and was working on Safety Initiatives."

31. The issuance of the termination notification was contrary to Defendant's stated practices, as outlined in the "Alamo Group Employee Handbook."

32. There are three levels to Defendant's progressive discipline policy. The first is a "Written Warning," which Calloway issued to Plaintiff based on pretextual reasons on September 24, 2019. An employee is supposed to be given a reasonable amount of time to correct the alleged problem behavior to a satisfactory level. Based upon the termination notification, Plaintiff was indeed correcting any perceived problem behavior.

33. The second level is a "Final Written Warning." A Final Written Warning is issued "[i]f a single incident is more serious than a Written Warning can correct" or "if the unacceptable behavior, policy violations, or unsatisfactory work performance addressed by a Written Warning is repeated, or additional problems occur after the Written Warning." The fact that Plaintiff did not receive a Final Written Warning on September 24, 2019 indicates Plaintiff's perceived problems at that time were not serious enough to justify a Final Written Warning.

34. Following a Final Written Warning, an employee is supposed to be given time to improve or correct their actions, performance, or behavior.

35. Assuming Plaintiff's actions outlined in the termination notification warranted discipline at all, then, by Defendant's own policy, Plaintiff should have received a Final Written Warning and been given a chance to respond.

36. Instead, Calloway issued a pretextual termination notification for events that occurred several weeks prior to the issuance of the termination notification and did not give Plaintiff a chance to respond.

37. A termination notification is warranted when conduct addressed by a Written Warning or Final Written Warning is repeated or additional problems of the same nature occur. The conduct addressed by the Written Warning was for perceived minor safety issues, mostly dealing with protective gear. The alleged conduct set forth in the termination notification was not the same type of conduct addressed in the Written Warning. Furthermore, Plaintiff was responding adequately to the concerns addressed in the Written Warning.

38. Alternatively, a termination notification may be issued if an incident or policy violation is of sufficient severity. "Sufficient severity" is not defined by Defendant, but it can hardly be suggested that minor problems with forms/reports as outlined in the termination notification can be considered sufficiently severe to justify termination. In addition, Carracedeo explicitly told Plaintiff that his failure to accompany an injured employee for medical treatment did not violate company policy.

39. Calloway did not follow Defendant's proper progressive disciplinary procedures in dealing with Plaintiff.

40. Instead of issuing Written Warnings or Final Written Warnings for the alleged "incidents" listed in the termination notification, Calloway lumped them together to give the appearance that there were consistently issues with Plaintiff's performance since the Written Warning.

41. Defendant, and particularly Calloway, took these actions in an attempt to justify the termination of Plaintiff's employment. These Disciplinary Action Notifications, however, were pretext for terminating Plaintiff because of his age.

42. Plaintiff was replaced by a substantially younger individual named Josh. Upon information and belief, Josh was under forty years old at the time of hire and was less qualified than Plaintiff.

## STATEMENT OF CLAIMS

### COUNT I:

### DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623(a)(1))

43. Plaintiff incorporates by reference and realleges each allegation set forth above.

44. At all relevant times, Plaintiff was over forty (40) years old.

45. At all relevant times, Plaintiff was satisfactorily performing his job duties and otherwise meeting the legitimate expectations of Defendant.

46. Calloway, on behalf of Defendant, discriminated against Plaintiff because of his age by first issuing a Written Warning to Plaintiff on September 24, 2019 based upon alleged minor safety issues and terminating Plaintiff's employment on November 4, 2019 in violation of company policy and based upon alleged minor and petty issues.

47. Calloway was a much younger individual, in his thirties, and replaced Plaintiff with a much younger, less-qualified individual, Josh, also believed to be in his thirties.

48. Defendant's proffered reason for the termination of Plaintiff is pretext for discrimination because of age.

49. Furthermore, in the attempt to establish a legitimate, non-discriminatory reason for Plaintiff's termination, Defendant failed to follow its own progressive discipline procedures.

50. Age is not a bona fide occupational qualification reasonably necessary to the normal operation of Defendant's business.

51. Defendant did not terminate Plaintiff's employment based on reasonable factors other than age, including a bona fide seniority system, an employee benefit plan, or for good cause.

52. Defendant's actions were intentional and performed with malice and/or reckless indifference to Plaintiff's federally protected civil rights.

53. Due to Defendant's unlawful conduct, Plaintiff suffered lost wages and benefits and lost opportunities.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Warren Cannada, respectfully requests that this Court:

A. Enter judgment in his favor and against Defendant, Alamo Group Inc.;

B. Declare the acts and practices complained of herein are in violation of Mr. Cannada's rights as secured by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.;

C. Enjoin Defendant from engaging in such unlawful employment practice;

D. Order such affirmative action as may be appropriate, including, but not limited to, hiring Mr. Cannada to a comparable position at Old Dominion and/or Alamo or, in the alternative, awarding Mr. Cannada front pay;

E. Award all back pay and benefits, including salary increases, commissions, bonuses, vacation pay, and health insurance with interest on the same running from November 4, 2019 until the date a final judgment is entered for him;

F. Award reasonable attorneys' fees, reasonable expert witness fees, and costs;

G. Award a separate amount to offset the adverse tax effects of lump sum payments of damages and/or back or front pay;

H. Award pre- and post-judgment interest on any monetary award; and

I. Award all other such equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 621.

**PLAINTIFF DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**WARREN CANNADA**
*Plaintiff*

By:          /s/         
James B. Thorsen, Esq.
VSB No. 18113
Jesse A. Roche, Esq.
VSB No. 82579
Attorneys for Plaintiff
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com
E-mail: jroche@thorsenallen.com