**Plaintiff's Proposed Instruction No. 1**

**General Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.)

## Plaintiff's Proposed Instruction No. 2

## Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.)

**<u>Plaintiff's Proposed Instruction No. 3</u>**

**<u>Consideration of the evidence—Corporate party's agents and employees</u>**

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

3 Fed. Jury Prac. & Instr. § 103:31 (6th ed.)

**Plaintiff's Proposed Instruction No. 4**

**Court's comments not evidence**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

3 Fed. Jury Prac. & Instr. § 103:33 (6th ed.)

## **Plaintiff's Proposed Instruction No. 5**

## **Questions not evidence**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

3 Fed. Jury Prac. & Instr. § 103:34 (6th ed.)

<u>**Plaintiff's Proposed Instruction No. 6**</u>

<u>**Inferences**</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.)

**Plaintiff's Proposed Instruction No. 7**

**Oral statements or admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:53 (6th ed.)

### Plaintiff's Proposed Instruction No. 8

### Number of witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

3 Fed. Jury Prac. & Instr. § 104:54 (6th ed.)

**<u>Plaintiff's Proposed Instruction No. 9</u>**
**<u>All available witnesses or evidence need not be produced</u>**

  The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

3 Fed. Jury Prac. & Instr. § 105:11 (6th ed.)

**<u>Plaintiff's Proposed Instruction No. 10</u>**
**<u>Adverse Witness</u>**

Warren Cannada called *[name]* as an adverse witness. Mr. Cannada is bound by as much of *[name]*'s testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of *[name]*'s testimony given as an adverse witness that conflicts with any of the other evidence in the case.

V.M.J.I.  2.030

### Plaintiff's Proposed Instruction No. 11

### Credibility of witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

3 Fed. Jury Prac. & Instr. § 101:43 (6th ed.)

## Plaintiff's Proposed Instruction No. 12

### Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.) (modified)

## Plaintiff's Proposed Instruction No. 13

### Impeachment—Inconsistent statement or conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.)

13

**Plaintiff's Proposed Instruction No. 14**

**Impeachment—Bad reputation for truth and veracity**

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

3 Fed. Jury Prac. & Instr. § 105:06 (6th ed.)

**Plaintiff's Proposed Instruction No. 15**

**Effect of prior inconsistent statements or conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Fed. Jury Prac. & Instr. § 105:09 (6th ed.)

15

## **Plaintiff's Proposed Instruction No. 16**

### **Answers to interrogatories**

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

3 Fed. Jury Prac. & Instr. § 104:72 (6th ed.)

**Plaintiff's Proposed Instruction No. 17**

**Use of depositions as evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.)

**Plaintiff's Proposed Instruction No. 18**

**Nature of the action—Disparate treatment**

The Age Discrimination in Employment Act, or ADEA, makes it unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is 40 years of age or older.

Warren Cannada claims Old Dominion Brush Company discriminated against plaintiff by terminating plaintiff because of plaintiff's age and replacing him with a younger employee.

Old Dominion Brush Company denies the charge and contends that it had legitimate, nondiscriminatory reasons for terminating Mr. Cannada's employment

3C Fed. Jury Prac. & Instr. §§ 173:1; 173:10 (6th ed.) (modified)

**<u>Plaintiff's Proposed Instruction No. 19</u>**

**<u>Disparate treatment</u>**

In order for Warren Cannada to prevail on his claim against Old Dominion Brush Company for age discrimination in employment, he must prove the following three essential elements by a preponderance of the evidence:

First: That he was forty years of age or older;

Second: That he was discharged by Old Dominion Brush Company; and

Third: That Old Dominion Brush Company would not have discharged Mr. Cannada but for his age.

The parties have stipulated that Mr. Cannada was forty years of age or older and that he was discharged by Old Dominion Brush Company.

However, the mere fact that Mr. Cannada is 40 years of age or older and was terminated is not sufficient, in and of itself to establish Mr. Cannada's claim.

3C Fed. Jury Prac. & Instr. § 173:20 (6th ed.) (modified)

**Plaintiff's Proposed Instruction No. 20**

**Causation—Generally**

Warren Cannada has the burden of proving each and every element of his claim by a preponderance of the evidence. If you find Mr. Cannada has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Old Dominion Brush Company.

Old Dominion Brush Company has the burden of proving each element of its affirmative defenses by a preponderance of the evidence.

3C Fed. Jury Prac. & Instr. § 173:50 (6th ed.)

**Plaintiff's Proposed Instruction No. 21**

**Preponderance of the evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3C Fed. Jury Prac. & Instr. § 173:51 (6th ed.)

## Plaintiff's Proposed Instruction No. 22

## Direct and circumstantial evidence

A plaintiff may prove age discrimination through "direct" or "circumstantial" evidence.

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

3 Fed. Jury Prac. & Instr. § 101:42 (6th ed.); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009)

**<u>Plaintiff's Proposed Instruction No. 23</u>**

**<u>Determinative factor</u>**

A "determinative factor" means Warren Cannada must prove Old Dominion Brush Company would not have taken the adverse employment action alleged but for his age.

3C Fed. Jury Prac. & Instr. § 173:41 (6th ed.) (modified)

**<u>Plaintiff's Proposed Instruction No. 24</u>**

**<u>Pretext</u>**

If you find based on the facts that Old Dominion Brush Company's explanation for discharging Warren Cannada is not worthy of belief, then you may, but need not, draw the inference that age discrimination was the true reason Mr. Cannada was discharged.

3C Fed. Jury Prac. & Instr. § 173:26 (6th ed.) (modified)

**<u>Plaintiff's Proposed Instruction No. 25</u>**

**<u>Compensatory damages</u>**

  If you find Old Dominion Brush Company unlawfully discriminated against Warren Cannada on the basis of Mr. Cannada's age, then you must determine the amount of damages that Mr. Cannada has sustained, if any.

  You are to award Mr. Cannada an amount equal to the pay he would have received from Old Dominion Brush Company had he not been discharged from the time that plaintiff was discharged until the date of trial.

  You should deduct from this sum whatever wages Mr. Cannada has obtained from other employment during this period.

3C Fed. Jury Prac. & Instr. § 173:70 (6th ed.) (modified)

## Plaintiff's Proposed Instruction No. 26

### Front pay

If Warren Cannada proves by a preponderance of the evidence that Old Dominion Brush Company has violated the Age Discrimination in Employment Act, you must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Mr. Cannada would have earned had he not been terminated for the period from the date of your verdict until the date when he would have voluntarily resigned or obtained other employment.

You may award Mr. Cannada damages for future lost wages only if you determine these damages were caused by Old Dominion Brush Company's termination of his employment. If you determine Mr. Cannada is entitled to future lost wages, you must consider the following in arriving at an amount:

First: Mr. Cannada's prospects for another similar job.

Second: The length of time that it should take him to get such a job.

Third: The number of years remaining before he would most probably retire.

You must also reduce any award to its present value by considering the interest Mr. Cannada could earn on the amount of the award if he had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Mr. Cannada if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because Mr. Cannada can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Mr. Cannada can earn on that amount in the future.

3C Fed. Jury Prac. & Instr. § 173:71 (6th ed.) (modified)

### Plaintiff's Proposed Instruction No. 27

### Liquidated damages

If you find that Warren Cannada was discriminated against by Old Dominion Brush Company on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award Mr. Cannada money damages in addition to the back pay that you have awarded.

A violation is willful if Old Dominion Brush Company knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

3C Fed. Jury Prac. & Instr. § 173:72 (6th ed.)

### Plaintiff's Proposed Instruction No. 28

### Election of foreperson; duty to deliberate;
### communications with court; cautionary; unanimous verdict; verdict form

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me— how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.)

### PLAINTIFF'S PROPOSED VERDICT FORM

1.  Do you find by a preponderance of the evidence that the age of Warren Cannada was the reason for the decision of Old Dominion Brush Company to discharge Mr. Cannada?

YES    _____

NO     _____

If your answer to Question No. 1 is "Yes," then answer the next two questions.

2.  What amount of damages did Mr. Cannada sustain as a result of Old Dominion Brush Company's decision to discharge Mr. Cannada because of plaintiff's age?

Compensatory Damages        $    _____

Front Pay                   $    _____

3.  Do you find by a preponderance of the evidence that the decision of Old Dominion Brush Company to discharge Mr. Cannada because of Mr. Cannada's age was willful as defined in these instructions?

YES    _____

NO     _____

_____
Foreperson